**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VALERIE CAMPBELL,
          *Petitioner-Appellant,*

v.

GLORIA HENRY,
          *Respondent-Appellee.*

No. 07-16481

D.C. No.
3:06-cv-02225-CRB

OPINION

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted
May 11, 2010—San Francisco, California

Filed August 13, 2010

Before: Stephen Reinhardt, William A. Fletcher and
N. Randy Smith, Circuit Judges.

Opinion by Judge Reinhardt

11657

## COUNSEL

Eric G. Babcock, Oakland, California, for the petitioner-appellant.

Edmund G. Brown, Jr., Attorney General of California; Dana R. Gillette, Chief Assistant Attorney General; Gerald A. Engler, Senior Assistant Attorney General; Peggy S. Ruffra, Supervising Deputy Attorney General; Christopher J. Wei, Deputy Attorney General, San Francisco, California, for the respondent-appellee.

## OPINION

REINHARDT, Circuit Judge:

Valerie Campbell is a prisoner at Valley State Prison for Women in Chowchilla, California. The District Court dismissed her federal petition for writ of habeas corpus for failure to file within the one year statute of limitations mandated by 28 U.S.C. § 2244(d). She appeals and we reverse.

Campbell contends, correctly, that for purposes of the § 2244(d) statute of limitations she was entitled to the benefit

of the mailbox rule when determining the filing dates of her state and federal habeas petitions, all of which were filed pro se. The District Court, apparently inadvertently, failed to accord her that benefit.

The District Court, however, was correct with regard to a different issue, which the State challenges on appeal. The Alameda County Superior Court determined that all 23 claims in Campbell's second habeas petition were untimely under state law. Campbell then filed the same petition with the California Court of Appeal, which determined that one of those 23 claims was timely, and in fact could not have been untimely under state law, because it was a claim of a type "not subject to the bar of untimeliness." The State contends that Campbell's second state habeas petition was not "properly filed" with the Superior Court for purposes of § 2244(d) tolling because of the Superior Court's determination that all the claims therein were untimely, notwithstanding that, as the Court of Appeal explained, the Superior Court was incorrect as to the timeliness of one of the claims. The State relies on California's unique system of higher court review of lower court decisions in habeas cases, which requires a petitioner seeking such review to file a new petition with a higher court rather than an appeal. We agree with the District Court that the determination of the higher court — in this case, the Court of Appeal — is effectively a review of the lower court's timeliness determination, and if the higher court determines that the claim is timely, it is "[ ]timely under state law," *see Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005), for its entire pendency in state court.

Additionally, in response to another contention raised by the State, we reaffirm that any properly filed application for state collateral review tolls the § 2244(d) statute of limitations as to any claims relating to the pertinent judgment, whether or not such claims are contained in the state application. *See Tillema v. Long*, 253 F.3d 494, 499-500, 502 (9th Cir. 2001).

# I

In 2001, Valerie Campbell was convicted of one count of first degree murder and two counts of premeditated murder in Alameda County Superior Court and sentenced to twenty five years to life. The Court of Appeal affirmed her conviction on February 25, 2003, and on June 11, 2003, the California Supreme Court denied her review of that decision.

In a letter dated June 1, 2003, Campbell wrote the Alameda County Superior Court requesting relief from her prison sentence. On September 12, 2003, the Superior Court filed the letter and issued an order construing it as a pro se habeas petition and denying the petition for failing to state a prima facie case for relief. On September 18, 2003, Campbell mailed to the Superior Court a document that she styled a habeas petition (as opposed to a letter), which the court filed and denied on September 24, 2003.

On October 20, 2003, Campbell filed a pro se habeas petition in the California Court of Appeal. The record does not contain the date of mailing, but in light of the other facts in the record, its omission is harmless. On October 24, 2003, the California Court of Appeal denied Campbell's habeas petition in a one sentence opinion.

On September 11, 2004, Campbell mailed the Alameda County Superior Court a second pro se habeas petition. The Superior Court filed that petition on September 21, 2004 and denied it on October 26, 2004, finding that all of the claims therein were untimely.

On December 29, 2004, Campbell mailed this second pro se habeas petition to the California Court of Appeal. That court filed it on January 3, 2005, and on January 7, 2005, denied 22 of the 23 claims in Campbell's second petition as untimely. It held that the last claim was timely, although it denied that claim on the merits. A petition to the California

Supreme Court, dated February 4, 2005, and marked as filed on February 28, 2005, was denied on February 8, 2006, without opinion.

Campbell next filed a habeas petition in the United States District Court for the Northern District of California. This petition, like her state habeas petitions, was filed pro se. It was dated March 16, 2006 and post-marked March 17, 2006; however, the District Court did not stamp it as filed until March 28, 2006. On July 9, 2007, the District Court dismissed Campbell's habeas petition as untimely. Campbell timely appealed to this court.

## II

Campbell filed her federal habeas petition in 2006; accordingly, her claim is governed by AEDPA. We review de novo a "district court's dismissal of [a] federal habeas petition for failure to comply with the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010).

[1] 28 U.S.C. § 2244(d) affords a state prisoner one year from the end of the direct review process in state court to apply in federal court for a writ of habeas corpus, but tolls the statute of limitations during the pendency of any properly filed state court application for collateral review. *See* 28 U.S.C. § 2244(d)(1), (2). The District Court found that Campbell's first habeas petition to the Superior Court and the California Court of Appeal tolled the one-year statute of limitations, and that Campbell's second habeas petition to the Superior Court, the Court of Appeal, and the California Supreme Court also tolled that statute. Nonetheless, the court found that, taking the tolling into account, Campbell had until only March 14, 2006 to file her petition, and that her petition, which the court filed on March 28, 2006, was untimely.

[2] The District Court failed, however, to give Campbell the benefit of the mailbox rule with regard to either her state

petitions or her federal petitions. Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *Houston v. Lack*, 487 U.S. 266, 276 (1988). The mailbox rule applies to federal and state petitions alike. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th. Cir. 2003); *Smith v. Ratelle*, 323 F.3d 813, 816 n.2 (9th Cir. 2003).

[3] Campbell filed all of her habeas petitions and appeals pro se, except for this appeal. Accordingly, she was entitled to the benefit of the mailbox rule when the District Court was calculating her filing dates for purposes of AEDPA tolling. There are two instances in which the District Court improperly applied the dates that Campbell's petitions were filed by courts rather than the dates on which Campbell mailed the petitions; applying the proper dates, it is clear that Campbell filed her federal habeas petition within § 2244(d)'s one year statute of limitations. The first error affected the court's determination of the date by which the federal habeas petition had to be filed, and the second the determination of the date on which it was filed.

[4] First, the District Court calculated the tolling of Campbell's second habeas petition from the date of its filing in Alameda Superior Court, September 21, 2004, rather than from the date of its mailing, September 11, 2004. Because it failed to give Campbell the benefit of the mailbox rule, the District Court calculated that her deadline under § 2244(d) for filing a federal habeas petition was March 14, 2006. When ten days is added to this date to account for the ten days that Campbell lost when the District Court made this initial error, the proper statutory deadline for filing her federal habeas petition becomes March 24, 2006.[1]

---

[1] Campbell's first state habeas petition, filed before the end of her direct review process, was rejected by the California Court of Appeal on October 24, 2003. The § 2244(d) statute of limitations began running the next day,

Second, the District Court treated Campbell's federal habeas petition as having been filed on March 28, 2006, the date on which it was actually filed by the court, instead of March 17, 2006, the date that the petition was postmarked, and therefore constructively filed.[2] Under the mailbox rule, the petition was filed seven days before the March 24, 2006 deadline, instead of four days afterwards.

**[5]** In sum, under § 2244(d), Campbell had until March 24, 2006 to petition the federal courts for writ of habeas corpus, and constructively filed her petition by mailing it on March 17, 2006, a week before her deadline. Thus it was timely.

### III

The State conceded at oral argument that in light of the mailbox rule, Campbell's federal petition was timely for purposes of § 2244(d) if her state habeas petitions were properly filed. It makes two contentions, however, concerning Campbell's second state habeas petition.[3] Each requires discussion; both, however, are without merit.

First, the State contends that the habeas petition that Campbell filed in Superior Court in September 2004 should not toll

---

October 25, 2003. She had 365 days from that date to file her federal habeas petition. Her second state habeas petition, filed in Superior Court on September 11, 2004 stopped the clock at 321 days, leaving her 44 days to file. That petition was finally rejected by the California Supreme Court on February 8, 2006, at which point the clock restarted, giving her until March 24, 2006 to mail her federal petition.

[2]Campbell signed a proof of service dated March 16, 2006, averring that she had mailed the petition that day, but the petition was not postmarked until the next day, March 17, 2006. On the facts of this case, we need not determine whether her petition is more properly dated from the proof of service or from the postmark.

[3]All references hereinafter to Campbell's state habeas petitions are to the second set.

the statute of limitations, because that court determined that all of the claims therein were untimely. The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Tolling, however, is not appropriate for a petition that is untimely under state law, because such a petition is considered "neither 'properly filed' nor 'pending.' " *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007); *see also Pace*, 544 U.S. at 413-14. According to the State, the Superior Court's finding that all of the claims in Campbell's petition were untimely ends the matter: all the claims in the petition were untimely, and therefore the petition was not properly filed and did not toll the statute of limitations. Disagreeing, the District Court included for purposes of tolling the 109 days that elapsed between the time the petition was filed with the Superior Court and the time it was filed with the Court of Appeal (September 11, 2004 – December 29, 2004). Were the State correct on this point, Campbell's federal petition would have fallen outside the § 2244(d) statute of limitations.

The matter is not as easily concluded as the state suggests. The California Court of Appeal held that one of the twenty three claims in Campbell's petition was not of the type that is subject to the bar of untimeliness. The State contends that the Court of Appeal's holding is immaterial with regard to whether that claim was timely filed in Superior Court. The State relies on California's atypical system of habeas review, within which there is no formally denominated appeal of a lower court's decision. *See Carey v. Saffold*, 536 U.S. 214, 221 (2002). Instead, each of the California courts has original jurisdiction over habeas petitions, and a petitioner, like Campbell, faced with an unfavorable result in Superior Court must file a new "original" petition with the Court of Appeal. *Id.* at 221-22; *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006). Because in formal terms the Court of Appeal had before it a new original petition and not an appeal of the Superior

Court's denial of Campbell's petition in that court, the State contends that the Court of Appeal did not review the Superior Court's decision, but rather came to its own, separate decision about the same issue; accordingly, the State asserts that the Court of Appeal's determination that one claim was timely under state law does not render that claim timely for the period that it was pending before the Superior Court or the time before it was filed with the Court of Appeal.

[6] The State's contention is erroneous. The United States Supreme Court has determined that California's "special system governing appeals" of habeas petitions is "sufficiently analogous to appellate review systems in other States" that the time between the unfavorable decision on the "original" petition to the lower court and the filing of a new "original" petition with identical content in the Court of Appeal tolls the AEDPA statute of limitations, just as in another state the statute would be tolled during the denial of a habeas petition by a lower court and the filing of an appeal of that denial in a higher court. *See Chavis*, 546 U.S. at 192-93; *Saffold*, 536 U.S. at 222-23. This is because "a [California] prisoner who files th[e] same petition in a higher, reviewing court will find that he can obtain the basic appellate review that he seeks, even though it is dubbed an 'original' petition." *See Saffold*, 536 U.S. at 221-22. We have, similarly, treated California Court of Appeal and Supreme Court decisions with regard to a habeas petition as reviewing the decision of the lower court as to that petition. *See, e.g.*, *Bonner v. Carey*, 425 F.3d 1145, 1148 n.13 (9th. Cir. 2005). There is no question that if the Superior Court had denied a petitioner relief on a substantive ground and then the Court of Appeal determined that the petitioner was in fact entitled to relief on that ground, the Court of Appeal's decision would prevail. We see no reason why the timeliness of the petition should be treated differently — why it should be viewed as a matter unreviewable by higher courts within the California system. A lower state court is no less likely — or more likely — to err with regard to the timeliness of a claim than with regard to its substance. Moreover,

the relevant question under § 2244(d) is whether the petition was "untimely under state law," *Pace*, 544 U.S. at 413-14, not whether the particular state court in front of which the petition was pending determined it to be timely. On questions of state law, the Court of Appeal's determination prevails over that of the Superior Court.

**[7]** Here, the Court of Appeal determined that one claim in Campbell's petition was timely — that it was a claim "not subject to the bar of untimeliness" — under state law. *See In re Campbell*, No. A108779, slip op. at 1 (Cal. Ct. App., 1st App. Div., Jan. 7, 2005). The earlier incorrect determination by the Superior Court that the claim was untimely is thus of no force or effect. Under California's unique system of collateral review, as in any ordinary system of appellate review, if the highest court to render a decision determines that the claim is timely, then that claim was timely when it was before the lower court. The one timely claim in Campbell's habeas petition was thus timely when it was mailed to the Superior Court.

**[8]** Second, the State contends that even if one claim in Campbell's petition was timely when the petition was mailed to the Superior Court, the statute of limitations was tolled solely with regard to that claim. According to the State, then, that is the only claim that Campbell may pursue in her federal habeas petition. Whether AEDPA's one year statute of limitations is tolled as to a petitioner's entire petition or only as to those individual claims deemed timely by the state court is a matter settled by this court's decisions. In *Tillema*, we held that a "Motion to Vacate Illegal Sentence" made in state court tolled the AEDPA statute of limitations for purpose of a federal habeas petition that challenged petitioner's conviction and sentence, despite the fact that the motion included no claims that the petitioner raised in his subsequent federal habeas petition. *See Tillema*, 253 F.3d at 499. We explained that § 2244(d)(2) "specifies that the period of limitation is tolled while 'a properly filed application for State post-

conviction or other collateral review *with respect to the pertinent judgment or claim* is pending,' " and that to give meaning to Congress's use of the word "judgment," any application for relief from a conviction or sentence that is properly filed in state court will toll the statute, whether or not it includes any claim present in the federal petition.[4] *Id.* at 499-500 (emphasis in original) (quoting 28 U.S.C. § 2244(d)(2)); *see also id.* at 502; *Sweger v. Chesney*, 294 F.3d 506, 516-17 (3d Cir. 2002); *Carter v. Litscher*, 275 F.3d 663, 665 (7th Cir. 2001); *but see Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Given that a state court application need not contain the claims in the federal petition in order for that application to toll the statute of limitations as to those claims, it is obvious that the statute is not tolled only as to the individual claims within that state court application. Rather, the statute is tolled as to all claims by any timely filed application in state court challenging the conviction or otherwise seeking post-conviction relief. Accordingly, the one timely claim in Campbell's state habeas petition was sufficient to toll the AEDPA statute of limitations with regard to any and all claims in her federal petition.[5]

## IV

For the reasons stated above, we reverse the dismissal of Campbell's petition for habeas corpus and remand to the District Court to consider it on its merits.

## REVERSED and REMANDED.

---

[4] As we explained in *Tillema*, this interpretation does not render the word "claim" surplusage. Valid habeas claims do not always challenge a judgment: "[f]or example, a claim that death row inmate is incompetent to be executed does not challenge the validity of the judgment." *See Tillema*, 253 F.3d at 500 n. 7.

[5] Because we conclude that the petition was timely, we need not reach petitioner's equitable tolling argument.