FILED

AUG 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY FRED HAMILTON,<br><br>    Petitioner - Appellant,<br><br> v.<br><br>MAURICE JUNIOUS,<br><br>    Respondent - Appellee. | No. 09-17600<br><br>D.C. No. 2:09-CV-01411-MCE-CMK<br>Eastern District of California, Sacramento<br><br><br>ORDER AMENDING MEMORANDUM DISPOSITION AND DENYING PETITION FOR REHEARING EN BANC |

Before: D.W. NELSON, RAWLINSON, and IKUTA, Circuit Judges.

The Memorandum Disposition filed on June 15, 2012, is AMENDED as follows:

On page 2 of the Memorandum Disposition, the word "summary," which modified the California Court of Appeal's dismissal of Hamilton's petition, is deleted. The modified sentenced now reads: "The California Court of Appeal's dismissal of the petition with citations to *In re Steele*, 32 Cal. 4th 682, 692 (2004) and *In re Steele*, 32 Cal. 4th 682, 692 (2004) and *In re Hillery*, 202 Cal. App. 2d. 293 (1962) did not undo the superior court's determination that Hamilton's petition was untimely.

An amended Memorandum Disposition will be filed simultaneously with this order.

Judge Rawlinson and Judge Ikuta voted to deny the petition for rehearing en banc. Judge Nelson recommended denial of the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing en banc is **DENIED**. No further petitions for rehearing and/or rehearing en banc will be entertained.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JERRY FRED HAMILTON, | No. 09-17600 |
| Petitioner - Appellant, | D.C. No. 2:09-CV-01411-MCE-CMK |
| v. | |
| MAURICE JUNIOUS, | AMENDED MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted June 12, 2012[**]
San Francisco, California

Before: D.W. NELSON, RAWLINSON, and IKUTA, Circuit Judges.

Petitioner Jerry Fred Hamilton appeals the summary dismissal of his habeas

petition as untimely and the denial of his motion for stay and abeyance as moot.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hamilton's petition is untimely. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) governs this petition. *Woodford v. Garceau*, 538 U.S. 202, 210 (2003). AEDPA's one-year statute of limitations expired on April 21, 2009. 28 U.S.C. § 2244(d)(1)(A). Hamilton did not file his petition until May 19, 2009.

Statutory tolling does not apply. The superior court denied Hamilton's March 9, 2009, petition as untimely and on the merits. An untimely petition is not properly filed and, therefore, cannot toll AEDPA's limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). The California Court of Appeal's dismissal of the petition with citations to *In re Steele*, 32 Cal. 4th 682, 692 (2004) and *In re Hillery*, 202 Cal. App. 2d. 293 (1962), did not undo the superior court's determination that Hamilton's petition was untimely. Nor do *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), *Campbell v. Henry*, 614 F.3d 1056 (9th Cir. 2010), or *Trigueros v. Adams*, 658 F.3d 983 (9th Cir. 2011) apply to save the petition from the timeliness bar.

Because the petition is untimely, the district court did not err in denying Hamilton's motion for stay and abeyance as moot.

Finally, we construe Hamilton's briefing on the uncertified issue that we should deem the claim exhausted and remand for consideration on the merits as a motion to expand the certificate of appealability. *Schardt v. Payne*, 414 F.3d 1025,

2

1032 (9th Cir. 2005) (discussing 9th Cir. R. 22-1(e)).  Hamilton has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Nor has he "'demonstrate[d] that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Accordingly, we dismiss Hamilton's uncertified issue for lack of jurisdiction.  *Id.* at 569.

**AFFIRMED.**