**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORTEZ LAMON WASHINGTON, | No. 16-56378 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-02448-MMA-BGS |
| v. | |
| STUART SHERMAN, Warden; XAVIER BECERRA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted April 12, 2019
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and GILSTRAP,**
District Judge.

Petitioner Cortez Washington appeals the district court's judgment

dismissing as untimely Washington's petition for habeas corpus under 28 U.S.C. §

2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we reverse and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James Rodney Gilstrap, United States District Judge
for the Eastern District of Texas, sitting by designation.

remand to the district court for further proceedings.

This Court reviews a district court's dismissal of a federal habeas petition on timeliness grounds de novo. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a state prisoner to file a federal habeas petition within one year of the date on which his conviction becomes final on direct review, unless the petitioner qualifies for statutory or equitable tolling. 28 U.S.C. § 2244(d)(1)(A).

A timely filed state habeas petition tolls the statute of limitations under AEDPA. 28 U.S.C. § 2244(d)(2). In the context of assessing the timeliness of a state petition, federal courts look to "the last 'reasoned' state court decision," and, in doing so, "should review the last decision *in isolation* and not in combination with decisions by other state courts." *Curiel v. Miller*, 830 F.3d 864, 869–70 (9th Cir. 2016) (emphasis added) (citing *Barker v. Fleming*, 423 F.3d 1085, 1091, 1093 (9th Cir. 2005)).

Here, although the California Superior Court determined Washington's second state habeas petition was untimely, the California Court of Appeal issued the last reasoned state court decision—a decision denying Washington's petition on the merits. The Court of Appeal did not reach the question of timeliness.

Although a decision on the merits typically signals that a petition was timely, the Supreme Court has instructed that a California appellate court's denial

2

of a claim on the merits, alone, does not "*automatically* indicate that the petition was timely." *Trigueros v. Adams*, 658 F.3d 983, 990 (9th Cir. 2011) (citing *Evans v. Chavis*, 546 U.S. 189, 197 (2006)). Instead, and in the absence of an explicit timeliness determination, we look to whether there are "compelling factual circumstances" suggesting the California court considered, and rejected, the State's timeliness arguments. *Id*.

The "factual circumstances" present here are at least as "compelling" as those in *Trigueros*. *See id*. 990-91. First, despite having the parties' briefing on the timeliness issue before it, the California Court of Appeal's decision was based solely on the merits. *See id*. Second, the California Supreme Court, in reviewing that merits decision (and, again, with the parties' briefing on timeliness before it), issued a summary denial, without citing *In re Clark*, 855 P.2d 729, 738 n. 5 (1993) or *In re Robbins*, 959 P.2d 311, 317 (1998)—cases the California Supreme Court cites to signal that a petition was untimely. *See Curiel*, 830 F.3d at 868–69.

These two facts suggest the California Court of Appeal and the California Supreme Court treated Washington's third and fourth petitions as timely. *See Trigueros*, 658 F.3d at 990. And, because those later courts treated Washington's petitions as timely, the courts effectively reversed the state superior court's contrary determination, rendering Washington's petitions timely for their "entire pendency in state court." *Campbell v. Henry*, 614 F.3d 1056, 1057 (9th Cir. 2010).

3

Washington is thus entitled to statutory tolling for the time his second, third, and fourth state habeas petitions were pending in California state court—that is, from the day the second state petition was filed on November 18, 2013, to the day the California Supreme Court denied his fourth state petition on June 17, 2015. Taking this time into account, Washington's federal petition was timely when filed on October 23, 2015.[1]

**REVERSED** and **REMANDED**.

---

[1] Because Washington is entitled to statutory tolling for the time his second, third, and fourth petitions were pending in state court, we need not address his alternative argument concerning equitable tolling.