# SUPREME COURT OF THE UNITED STATES

SCOTT KERNAN, SECRETARY, CALIFORNIA DE-
PARTMENT OF CORRECTIONS AND REHABIL-
ITATION *v.* ANTONIO A. HINOJOSA

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 15–833   Decided May 16, 2016

PER CURIAM.

The Antiterrorism and Effective Death Penalty Act of
1996 (AEDPA) requires a state prisoner seeking federal
habeas relief first to "exhaus[t] the remedies available in
the courts of the State." 28 U. S. C. §2254(b)(1)(A). If the
state courts adjudicate the prisoner's federal claim "on the
merits," §2254(d), then AEDPA mandates deferential,
rather than *de novo*, review, prohibiting federal courts
from granting habeas relief unless the state-court decision
"was contrary to, or involved an unreasonable application
of, clearly established Federal law," §2254(d)(1), or "was
based on an unreasonable determination of the facts,"
§2254(d)(2). The Ninth Circuit in this case decided that
the Supreme Court of California's summary denial of a
habeas petition was *not* "on the merits," and therefore
AEDPA's deferential-review provisions did not apply. We
summarily reverse.

Respondent Antonio Hinojosa was serving a 16-year
sentence for armed robbery and related crimes when,
in 2009, California prison officials "validated" him as a
prison-gang associate and placed him in a secured housing
unit. At the time of Hinojosa's offense and conviction,
California law had permitted prisoners placed in a secured
housing unit solely by virtue of their prison-gang affilia-
tions to continue to accrue good-time credits. See Cal.
Penal Code Ann. §2933.6 (West 2000). In 2010, the Cali-
fornia Legislature amended the law so that prison-gang

associates placed in a secured housing unit could no longer earn future good-time credits, although they would retain any credits already earned. §2933.6(a) (West Supp. 2016).

Hinojosa filed a state habeas petition, arguing (as relevant here) that applying the new law to him violated the Federal Constitution's prohibition of *ex post facto* laws. See Art. I, §10, cl. 1; *Weaver* v. *Graham*, 450 U. S. 24 (1981). The Orange County Superior Court denied the claim "on grounds petitioner has not sought review of his claim of error in the proper judicial venue." App. to Pet. for Cert. 44a. The court explained:

> "'Although any superior court has jurisdiction to entertain and adjudicate a petition for writ of habeas corpus, it does not follow that it should do so in all instances.' Challenges to conditions of an inmate's confinement should be entertained by the superior court of county wherein the inmate is confined. (*Griggs v. Superior Court* (1976) 16 Cal. 3d 341, 347.)
>
> "The petition for writ of habeas corpus is DENIED." *Id.*, at 44a–45a.[1]

Rather than file a new petition in the correct venue (Kings County Superior Court), Hinojosa turned to the appellate court, which summarily denied his petition. Instead of appealing that denial, see Cal. Penal Code Ann. §1506 (West Supp. 2016), Hinojosa sought an original writ of habeas corpus in the Supreme Court of California, see Cal. Const., Art. 6, §10, which summarily denied relief

---

[1] In *Griggs* v. *Superior Ct. of San Bernardino Cty.*, 16 Cal. 3d 341, 347, 546 P. 2d 727, 731 (1976), the Supreme Court of California stated that "[a]s a general rule," if a prisoner files a habeas petition challenging the conditions of his confinement in a county other than the one in which he is confined, the court should not deny the petition unless it fails to state a prima facie case. In this case, however, there is no hint in the opinion of the Superior Court that it followed this approach, and petitioner does not claim that it did.

without explanation.

A petition for federal habeas relief followed. Adopting the Magistrate Judge's findings and recommendation, the District Court denied Hinojosa's *ex post facto* claim under AEDPA's deferential review. A Ninth Circuit panel reversed. *Hinojosa* v. *Davey*, 803 F. 3d 412 (2015). Citing our decision in *Ylst* v. *Nunnemaker*, 501 U. S. 797 (1991), the panel "looked through" the Supreme Court of California's summary denial to the last reasoned decision adjudicating Hinojosa's claim: the Superior Court's dismissal for improper venue. The panel reasoned that the Superior Court's decision "is not a determination 'on the merits'" and that as a result it was "not bound by AEDPA." 803 F. 3d, at 419. Having thus freed itself from AEDPA's strictures, the court granted Hinojosa's petition for habeas relief.

We reverse. In *Ylst*, we said that where "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." 501 U. S., at 803. We adopted this presumption because "silence implies consent, not the opposite—and courts generally behave accordingly, affirming without further discussion when they agree, not when they disagree, with the reasons given below." *Id.,* at 804. But we pointedly refused to make the presumption irrebuttable; "strong evidence can refute it." *Ibid.*

It is amply refuted here. Improper venue could not possibly have been a ground for the high court's summary denial of Hinojosa's claim. There is only one Supreme Court of California—and thus only one venue in which Hinojosa could have sought an original writ of habeas corpus in that court. Under these circumstances, it cannot be that the State Supreme Court's denial "rest[ed] upon the same ground" as the Superior Court's. *Id.,* at 803. It quite obviously rested upon some different ground. *Ylst's*

"look-through" approach is therefore inapplicable.[2]

Hinojosa resists this conclusion, remarking that "a reviewing court has discretion to deny *without prejudice* a habeas corpus petition that was not filed first in a proper lower court." *In re Steele*, 32 Cal. 4th 682, 692, 85 P. 3d 444, 449 (2004) (emphasis added). But there is no indication that the summary denial here was without prejudice, thus refuting Hinojosa's speculation.

Containing no statement to the contrary, the Supreme Court of California's summary denial of Hinojosa's petition was therefore on the merits. *Harrington* v. *Richter*, 562 U. S. 86, 99 (2011). Accordingly, the Ninth Circuit should have reviewed Hinojosa's *ex post facto* claim through AEDPA's deferential lens. And although we express no view on the merits of that claim, we note that the Ninth Circuit has already held that state-court denials of claims identical to Hinojosa's are not contrary to clearly established federal law. See *Nevarez* v. *Barnes*, 749 F. 3d 1124 (CA9 2014); see also *In re Efstathiou*, 200 Cal. App. 4th 725, 730–732, 133 Cal. Rptr. 3d 34, 37–40 (2011); *In re Sampson*, 197 Cal. App. 4th 1234, 1240–1244, 130 Cal. Rptr. 3d 39, 43–46 (2011). The panel below recognized as much: "If AEDPA applies here, we are bound by our decision in *Nevarez* and must affirm the district court's denial of Hinojosa's petition." 803 F. 3d, at 418. AEDPA applies here.

The petition for a writ of certiorari and Hinojosa's motion for leave to proceed *in forma pauperis* are granted, and the judgment of the Court of Appeals for the Ninth Circuit is reversed.

*It is so ordered.*

––––––––––

[2] Alternatively, if the Superior Court in fact followed *Griggs*' instructions and silently concluded that the claim did not state a prima facie case for relief, see n. 1, *supra*, the decision of the Supreme Court of California would still be a decision on the merits, and the AEDPA standard of review would still apply.

# SUPREME COURT OF THE UNITED STATES

## SCOTT KERNAN, SECRETARY, CALIFORNIA DE-PARTMENT OF CORRECTIONS AND REHABIL-ITATION *v.* ANTONIO A. HINOJOSA

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 15–833   Decided May 16, 2016

JUSTICE SOTOMAYOR, with whom JUSTICE GINSBURG joins, dissenting.

When faced with a state-court order that denies a habeas petition without explanation, this Court has long presumed that the order agrees with the "last reasoned state-court opinion" in the case unless there is "*strong* evidence" to the contrary. *Ylst* v. *Nunnemaker*, 501 U. S. 797, 804–805 (1991). In this case, the parties agree that a California Superior Court denied a petition for improper venue because it was filed in the wrong county. The California Supreme Court later denied the same petition for no explained reason. Applying *Ylst*'s commonsense presumption, it is "most improbable" that the California Supreme Court's unexplained order disagreed with the Superior Court's reasoned order. *Id.,* at 804. We should therefore presume that the California Supreme Court denied Antonio Hinojosa's habeas petition because he filed the first one in the wrong county.

The Court, however, believes there is *strong* evidence to the contrary—for two inexplicable reasons. The first reason—the California Supreme Court could not have denied the petition for "improper venue" because there is only one California Supreme Court, *ante,* at 3—is a straw man, and a poorly constructed one at that. Obviously the California Supreme Court did not deny Hinojosa's petition because he filed it in the wrong State Supreme Court. But it easily could have denied his petition because it agreed

with the Superior Court's conclusion that he filed the first
petition in the wrong county. See *In re Steele*, 32 Cal. 4th
682, 692, 85 P. 3d 444, 449 (2004). That possibility be-
comes even more likely in light of California's atypical
habeas rules, which treat an original habeas petition to
the California Supreme Court as the commonplace method
for seeking review of a lower court's order. See *Carey* v.
*Saffold*, 536 U. S. 214, 221–222 (2002).* By issuing a
silent order after reviewing the lower court's reasoned
decision, the California Supreme Court presumably denied
Hinojosa's petition on the same ground. Cf. *Ylst*, 501
U. S., at 800 (applying its presumption on an identical
posture out of California).

The majority's second reason is even flimsier. The
majority suggests that the California Supreme Court's
order did not include the words "without prejudice" and
therefore could not have agreed with the Superior Court's
denial—which the majority assumes was without preju-
dice. *Ante*, at 4. But as the majority quotes, the Superior
Court simply "'DENIED'" the petition; neither it nor the
California Supreme Court "DENIED" it "without preju-
dice." *Ante,* at 2, 4. It is mindboggling how one opinion
necessarily disagrees with another opinion merely because
it omits language that the other opinion also lacks.

I would hold, as the Ninth Circuit did, that the Califor-
nia Supreme Court presumably agreed with the reasoning
of the Superior Court. See *Ylst*, 501 U. S., at 804. At the
very least, I would not hold that there is such *"strong*
evidence" to the contrary that we should summarily re-
verse the Ninth Circuit's interpretation of the California

————————

\*Contrary to the majority's characterization, Hinojosa did not file his
petition "[i]nstead of appealing" the lower court's denial, *ante*, at 2—his
petition was itself his appeal. See *Carey*, 536 U. S., at 225 (calling an
original habeas petition and the alternative "petition for hearing"
"*interchangeable*" methods of appeal, "with neither option bringing
adverse consequences to the petitioner").

SOTOMAYOR, J., dissenting

Supreme Court's order—and, in the process, reverse the Ninth Circuit's separate conclusion that Hinojosa's incarceration had been unconstitutionally extended.