**NOT FOR PUBLICATION**

DEC 02 2016

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

NGHIEM D. DANG,

Petitioner - Appellant,

v.

MARION SPEARMAN,

Respondent - Appellee.

No. 15-55415

D.C. No. 3:11-cv-01955-BTM-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted November 9, 2016
Pasadena, California

Before: BYBEE and SCHROEDER, Circuit Judges and SMITH,[**] Chief District
Judge.

Petitioner was found guilty of twenty-four counts of sexual misconduct with

a child. Petitioner now brings a habeas petition, claiming that both his defense

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable William E. Smith, Chief District Judge for the U.S.
District Court for the District of Rhode Island, sitting by designation.

counsel and the court failed to properly address potential juror bias. The district court denied Petitioner's habeas petition. We review that denial *de novo* and AFFIRM.

1. The California Supreme Court has already addressed Petitioner's ineffective assistance of counsel claim on the merits. Before reaching the California Supreme Court, Petitioner's claim was denied by the California Court of Appeal because Petitioner "failed to include *any* supporting documentation, including transcript pages he cites in the petition." Petitioner then subsequently submitted the exact same habeas petition to the California Supreme Court, but this time included the supporting documentation. The California Supreme Court took judicial notice that it had received the supporting documentation and summarily denied Petitioner's claim.

Typically, where the California Supreme Court summarily denies a claim, this court will "look through" that summary denial to the "last reasoned state-court opinion." *Ylst v. Nunnemaker*, 501 U.S. 797, 806, 804 (1991). If the "last reasoned opinion" barred relief based on a procedural default, this Court "will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Id.* at 803. However, this presumption can be refuted by "strong evidence." *Kernan v. Hinojosa*, 136 S. Ct. 1603, 1606 (2016). For instance, if a lower court bars relief based on a procedural default that is cured before a

subsequent summary denial on appeal, "it cannot be that the [summary] denial rested upon the same ground" as the lower court's opinion. *Id.* at 1606. In that situation, absent a "statement to the contrary," the summary denial will be considered a decision "on the merits." *Id.*

This is precisely the situation confronted by the court in this case. Petitioner's claim was initially denied by the California Court of Appeal because Petitioner failed to include any supporting documentation. However, that default was cured prior to consideration by the California Supreme Court. Therefore, we must presume that the California Supreme Court's summary denial was based "on the merits." *Hinojosa*, 136 S. Ct. at 1606.

Where a state court has already denied a claim on the merits, federal courts are prohibited from reviewing that denial absent a showing that the denial was based on an "unreasonable application of" federal law. 28 U.S.C. § 2254(d)(1). Because the California Supreme Court summarily denied Petitioner's claim without explanation, this Court must first "determine what arguments or theories . . . could have supporte[d] the state court's decision." *Cullen v. Pinholster*, 563 U.S. 170, 188 (2011) (alterations in original) (citation omitted). Thereafter, this court must decide whether the California Supreme Court, in accepting those arguments or theories, committed "error well understood and comprehended in existing law

beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

This already deferential review becomes "doubly deferential" (*i.e.*, even more difficult to overcome) in the context of an ineffective assistance of counsel claim. *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Cullen*, 563 U.S. at 190). Ineffective assistance of counsel requires a showing that Petitioner's defense counsel was "deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Evaluation of a defense counsel's performance "must ordinarily be 'highly deferential' and incorporate a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance which, under the circumstances, might be considered sound trial strategy.'" *Crace v. Herzog*, 798 F.3d 840, 852 (9th Cir. 2015) (quoting *United States v. Span*, 75 F.3d 1383, 1387 (9th Cir. 1996)). Therefore, as Petitioner's claim has already been rejected by the California Supreme Court, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

Petitioner cannot meet this high burden. Petitioner argues that his defense counsel should have challenged or further investigated Juror Nos. 3, 4, 12, and 15. Juror No. 4 recognized some of the state's law-enforcement witnesses, but did not

know them on a social level. Juror No. 15 also possibly recognized a witness (the victim's father), but could not be certain of that fact. Lastly, both Juror Nos. 3 and 12 expressed varying levels of frustration with the length of the proceedings, with Juror No. 12 going so far as to openly question the competence of the lawyers involved.

However, with regards to all of these juror issues, the California Supreme Court could have reasonably found that there was no evidence of juror bias and that Petitioner's trial counsel could have had a legitimate tactical reason for not challenging those jurors. Defense counsel are "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow,* 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 690). In this context, the California Supreme Court's denial of Petitioner's ineffective assistance of counsel claim cannot be deemed an "unreasonable" application of federal law. *Harrington*, 562 U.S. at 103.

2. Petitioner claims that the trial court violated his right to a fair and impartial jury by not holding a hearing to determine the fitness of Juror No. 12. The California Court of Appeals denied this claim, and, on appeal, the California Supreme Court provided a summary denial. The denial of this claim was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In addressing the

comments made by Juror No. 12, the California Court of Appeal made the following findings:

> Although the comments by juror No. 12 reflect his impatience and frustration with the trial process and those persons who guide that process (i.e., the trial judge, the prosecutor, and defense counsel), his comments cannot reasonably be construed as information that, if proven true, would provide good cause for his removal. . . . That comment does not support a reasonable inference that the juror might not be able to remain impartial, carefully deliberate, or follow the court's instructions. Although, as Dang asserts, the juror may have had a 'negative attitude' toward the progress of the trial, his comments could not support a reasonable inference, as Dang argues, that the juror assumed, or possibly assumed, he (Dang) was guilty of any or all of the charges against him. . . . Furthermore, that comment does not show the juror might be biased against Dang or his counsel.

Petitioner argues that this explanation was insufficient because it did not specifically discuss the following three facts: (1) the trial was 15 days longer than anticipated; (2) Juror No. 12's comments were not the first indicator that the length of the trial was frustrating the jurors; and (3) Juror No. 12's comments were made on the 25th day of trial (only a day before deliberations began). But "state courts are not required to address every jot and tittle of proof suggested to them, nor need they 'make detailed findings addressing all the evidence before [them].'" *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004) (alterations in original) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 347 (2003)). Petitioner must therefore demonstrate that "the overlooked or ignored evidence" was "highly

probative and central to petitioner's claim" and "sufficient to support petitioner's claim when considered in the context of the full record." *Id.* Under the facts of this case, Petitioner cannot satisfy this burden.

**AFFIRMED.**