NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN J. BLACK,<br><br>               Petitioner-Appellant,<br><br>   v.<br><br>AMY MILLER, Warden,<br><br>               Respondent-Appellee. | No. 13-57103<br><br>D.C. No.<br>2:12-cv-10875-PSG-E<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted January 9, 2017
Pasadena, California

Before: TALLMAN and FRIEDLAND, Circuit Judges, and FABER,[**] Senior
District Judge.

Petitioner Ryan J. Black appeals the denial of his petition for a writ of

habeas corpus, alleging he received inadequate notice of the aider and abettor

theory advanced by the prosecution at trial. He also brings an uncertified issue,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Faber, Senior United States District Judge

alleging that insufficient evidence supported his conviction as an aider and abettor. We affirm in the entirety the district court's denial of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d)(1)—(2) (stating that a federal court may not grant an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."); *see also Kernan v. Hinojosa*, 136 S. Ct. 1603, 1604 (2016); *Woodford v. Visciotti*, 537 U.S. 19, 24—26 (2002); *Early v. Packer*, 537 U.S. 3, 8 (2002); *Williams v. Taylor*, 529 U.S. 362, 405—09 (2000).

First, we hold that Petitioner received adequate notice of the charges against him as an aider and abettor. Consequently, Petitioner's Sixth Amendment and due process right to exercise a meaningful opportunity to prepare an adequate defense on the aider and abettor theory was not violated. As an initial matter, under California law, "an instrument charging a defendant as a principal is deemed to

for the Southern District of West Virginia, sitting by designation.

2

charge him as an aider and abettor as well." *People v. Quiroz*, 215 Cal. App. 4th 65, 70 (2013); *see also* Cal. Penal Code § 971. Additionally, evidence was presented at the preliminary hearing suggesting that Petitioner had been seen driving the car from which the shots were fired. *See* R.T. 322-26, 414-15; C.T. 24-28. Moreover, witnesses "Carlos, Roberto and Luis all testified at trial that they previously had seen Petitioner driving the car, and Petitioner's father testified Petitioner had access to the car." *Black v. Miller*, No. CV 12-10875-PSG(E), 2013 U.S. Dist. LEXIS 161342, at *39 (C.D. Cal. Sept. 17, 2013). Accordingly, "[t]hese sources gave sufficient notice that Petitioner could be held liable as an aider and abettor." *Id.*

Further, *Sheppard v. Rees*, 909 F.2d 1234 (9th Cir. 1990), is inapposite to this case. The AEDPA standard of review allows us to grant relief *only* on the basis of United States Supreme Court precedents, and *Sheppard* is a Ninth Circuit case that predates the AEDPA. *See Lopez v. Smith*, 135 S. Ct. 1, 3—4 (2014); *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013). Even more, this case presents materially different facts than *Sheppard*. There, the court held that the petitioner did not receive constitutionally adequate notice of the prosecution's felony murder theory because that theory was advanced for the first time after both sides had rested and after jury instructions had been settled. *Sheppard*, 909 F.2d at 1237; *see also Morrison v. Estelle*, 981 F.2d 425, 428 (9th Cir. 1992) (characterizing

*Sheppard*'s holding as "narrow"). Here, however, evidence was presented suggesting that Black was the driver, and California law clearly maintains that a defendant may be convicted on both principal and aider and abettor theories. Thus, Petitioner's arguments on the inadequate-notice claim for the purpose of seeking habeas relief are unavailing.

Second, as to the uncertified issue, Petitioner moved to expand the Certificate of Appealability (COA) to include a challenge to the sufficiency of the evidence underlying his conviction. 28 U.S.C. §2253(c)(2). Since Petitioner has not made a "substantial showing" that a constitutional right has been denied to him, we decline to expand the COA to include the uncertified issue.

Petitioner has not crossed the threshold of demonstrating that his aiding and abetting conviction is unsupported by sufficient evidence that proves his guilt beyond a reasonable doubt. "[D]eterminations of credibility and demeanor lie peculiarly within a trial judge's province" and, "in the absence of exceptional circumstances, [the federal courts shall] defer to the trial court" on federal habeas review. *Snyder v. Louisiana*, 552 U.S. 472, 477 (2008) (alterations and internal quotation marks omitted). It is up to the trial court to "resolve[] the conflicts, ma[k]e the inferences, or consider[] the evidence *at trial*." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (emphasis added). A trial court can

4

rely on "[c]ircumstantial evidence and inferences drawn from it." *Ngo v. Giurbino*, 651 F.3d 1112, 1114 (9th Cir. 2011).

In this challenge, Petitioner asks us to overturn the Los Angeles County Superior Court's finding, following a bench trial, that Petitioner was present—either as an aider or abettor or as a principal—in the vehicle from which shots were fired. The state trial court judge found Roberto to be a credible witness, and believed his testimony that he saw Petitioner in the car—an identification that the trial court believed was particularly reliable because Roberto was already familiar with Petitioner from contact in the neighborhood prior to the incident. The trial court also found that there were only two passengers in the car. We are in no position to "usurp" the role of the trier of fact in this case, *Nevils*, 598 F.3d at 1164, and, therefore, we cannot say that Petitioner has made a "substantial showing" that a constitutional right has been denied to him. 28 U.S.C. §2253(c)(2).[1] We deny the motion to expand the COA on this issue.

**AFFIRMED**.

---

[1] Since this determination—no constitutional right was violated—resolves the COA question, we do not decide whether any such purported right could be vindicated under the AEDPA's § 2254(d)(1)–(2) strictures.

5