
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARRYL BURGHARDT,

              Petitioner-Appellant,

v.

TAMMY L. CAMPBELL,

              Respondent-Appellee.

No.   21-56183

D.C. No.
2:14-cv-04677-JAK-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted June 28, 2023[**]
Pasadena, California

Before:  N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

     Darryl Burghardt appeals the district court's denial of his petition for a writ

of habeas corpus.  We have jurisdiction, *see* 28 U.S.C. §§ 1291, 2253(a), and

affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court correctly determined that the California Supreme Court's 2020 summary denial of Burghardt's petition for state habeas relief, was an adjudication on the merits and that the deferential standard of review set forth in 28 U.S.C. § 2254(d) applied.[1] *See Harrington v. Richter*, 562 U.S. 86, 101 (2011). Respondent identified "strong evidence" to rebut the presumption that the Supreme Court's "silence implie[d] consent" with the lower court's reasoning, here the Los Angeles County Superior Court's 2019 denial on procedural grounds. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). The record before the Supreme Court clearly showed that Burghardt's petition for state habeas relief asserted different claims than those raised on direct appeal and that the Superior Court misread Burghardt's petition to make an obviously incorrect factual finding on that point. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1196 (2018). The Supreme Court could not reasonably have adopted the Superior Court's reasoning in light of the petition and memorandum Burghardt filed with the Supreme Court. *See Kernan v. Hinojosa*, 578 U.S. 412, 415 (2016) (per curiam).

---

[1] Because the last reasoned decision addressing the claims Burghardt's federal habeas petition raises was the Superior Court's 2019 decision, the district court erred in looking through to the Superior Court's 2013 decision with respect to some of Burghardt's federal claims. *See Barker v. Fleming*, 423 F.3d 1085, 1091, 1093 (9th Cir. 2005).

Burghardt also raises three uncertified issues on appeal.  We construe his brief as a motion to expand the certificate of appealability (COA) to include these three claims.  *See* Ninth Cir. Ct. R. 22-1(e); *Valerio v. Crawford*, 306 F.3d 742, 772–73 (9th Cir. 2002) (en banc).  We deny the request because Burghardt fails to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation omitted).

**AFFIRMED.**