Concurrence by Judge REINHARDT;
Concurrence by Judge BYBEE
OPINION
MURGUIA, Circuit Judge:
This case concerns the timeliness of Freddy Curiel’s federal habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”). We hold that the district court erred in dismissing Curiel’s habeas petition as untimely.
*867 BACKGROUND
In March 2006, a California jury convicted Curiel of special circumstances first-degree murder and street terrorism. Cu-riel was sentenced to life in prison without the possibility of parole, plus twenty-five years.
Curiel appealed his conviction to the California Court of Appeal, which affirmed, and to the California Supreme Court, which denied his petition for review on June 11, 2008. Curiel’s conviction became final on September 9, 2008, after the time for Curiel to file a petition for a writ of certiorari in the United States Supreme Court lapsed. 28 U.S.C. § 2244(d)(1)(A).
On May 12, 2009,[1] Curiel initiated a collateral attack on his conviction by filing a petition for a writ of habeas corpus in Orange County Superior Court. The court denied his petition on June 10, 2009, on the “separate and independent grounds” that it was untimely and that Curiel failed to set forth a prima facie case for relief. On July 7, 2009, Curiel filed a second habeas corpus petition in the California Court of Appeal, which the Court of Appeal denied on August 6, 2009, without comment or citation to authority. On September 7, 2009, Curiel filed a third habeas petition in the California Supreme Court, raising the same claims as his first two state petitions. On February 18, 2010, the California Supreme Court dismissed Curiel’s petition in a decision that reads in full: “The petition for writ of habeas corpus is denied. (See In re Swain (1949) 34 Cal.2d 300, 304, 209 P.2d 793; People v. Duvall (1995) 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252.).”
On March 8, 2010, Curiel filed a federal petition for habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court. The government moved to dismiss Curiel’s ha-beas petition as untimely because it was filed more than one year after his conviction became final. In opposition, Curiel argued that AEDPA’s statute of limitations should be statutorily tolled for the period during which his state habeas petitions were pending, and also that he was entitled to equitable tolling due to trial counsel’s alleged delay in returning his client file.
Accepting the findings and recommendation of the magistrate judge, the district court determined that Curiel was not entitled to statutory tolling for the three months that his habeas petitions were pending in the California Superior Court or the Court of Appeal because untimely petitions do not toll AEDPA’s limitations period. The district court observed that the Superior Court had explicitly imposed an untimeliness bar in denying Curiel’s first habeas petition, and held that the Court of Appeal implicitly adopted the Superior Court’s reasoning when it denied Curiel’s second petition without explanation. The district court did, however, toll Curiel’s federal filing deadline for the pen-dency of his petition in the California Supreme Court, concluding that the Supreme Court’s citations to Swain and Duvall indicated that the court had denied Curiel’s third petition based solely on the deficiency of his pleadings. Nevertheless, tolling the clock for the period that Curiel’s petition was before the California Supreme Court, alone, was insufficient to render Curiel’s federal petition timely. Therefore, after rejecting Curiel’s equitable tolling ar *868 gument, the district court dismissed Cu-riel’s habeas petition with prejudice.
Curiel timely appealed, and we issued a certificate of appealability as to the timeliness of Curiel’s federal petition for habeas corpus.
STANDARD OF REVIEW
We review de novo a district court’s denial of a habeas corpus petition. Hurles v. Ryan, 752 F.3d 768, 777 (9th Cir. 2014). Where, as here, the facts underlying a habeas petitioner’s claim for tolling of AEDPA’s limitations period are undisputed, we also review de novo whether the statute of limitations should be tolled. Espinoza-Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005).
DISCUSSION
AEDPA requires a state prisoner to file a federal habeas petition pursuant to 28 U.S.C. § 2254 within one year of the date on which his conviction becomes final on direct review, unless the petitioner qualifies for statutory or equitable tolling. Id. § 2244(d)(1)(A). In Curiel’s case, AEDPA’s one-year statute of limitations lapsed on September 9, 2009. See id. Curiel filed his federal petition on March 8, 2010. Thus, for his petition to be timely, Curiel must demonstrate that he is entitled to at least six months of tolling.
I.
“[A] properly filed application for State post-conviction or other collateral review” tolls AEDPA’s statute of limitations for the pendency of the state court proceedings. Id. § 2244(d)(2). A habeas petition that is untimely under state law is not “properly filed.” Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Therefore, none of the time before or during the state court’s consideration of an untimely petition is tolled for purposes of AEDPA’s limitations period. Evans v. Chavis, 546 U.S. 189, 197, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).
In California, courts “appl[y] a general ‘reasonableness’ standard” when determining whether a habeas petition was timely filed. Carey v. Saffold, 536 U.S. 214, 222, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). A petition is timely under California law when the highest state court to render a decision on the petition finds it to be so. Campbell v. Henry, 614 F.3d 1056, 1061 (9th Cir. 2010).
II.
The California Supreme Court rules on a “staggering” number of habeas petitions each year, generally by issuing “unelabo-rated ‘summary denials.’ ” Walker v. Martin, 562 U.S. 307, 312-13, 131 S.Ct. 1120, 179 L.Ed.2d 62 (2011). When the California Supreme Court denies a habeas corpus petition without opinion, it “frequently cites either a California Supreme Court case or some other authority which indicates to the petitioner the grounds for the denial.” Harris v. Superior Court, 500 F.2d 1124, 1127-28 (9th Cir. 1974) (en banc). The California Supreme Court has provided us with the following guidance on how to interpret its summary denial practice:
[W]hen respondent asserts that a particular claim or subclaim ... is untimely, and when, nevertheless, our order disposing of a habeas corpus petition does not impose the proposed bar ... as to that claim or subclaim, this signifies that we have considered respondent’s assertion and have determined that the claim or subclaim is not barred on the cited ground....
In re Robbins, 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311, 340 n. 34 (1998).
“California courts signal that a habeas petition is denied as untimely by citing the *869 controlling decisions ... Clark and Robbins,” which describe California’s timeliness rule. Walker, 562 U.S. at 310, 312, 131 S.Ct. 1120 (citing Robbins, 77 Cal.Rptr.2d 153, 959 P.2d at 317; In re Clark, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993)). By contrast, the cases cited by the California Supreme Court here — In re Swain and People v. Duvall — both concern the pleading requirements that apply to a state habeas petitioner’s claims. In Swain, the California Supreme Court explained that a petitioner must “allege with particularity the facts upon which he would have a final judgment overturned.” 209 P.2d at 795-96. The California Supreme Court denied Swain’s habeas petition “without prejudice to the filing of a new petition which shall meet the requirements” that it had just set forth. Id. at 796. Likewise, in Duvall, the California Supreme Court reiterated that a habeas petitioner must “state fully and with particularity the facts on which relief is sought” and “include copies of reasonably available documentary evidence supporting the claim.” 37 Cal.Rptr.2d 259, 886 P.2d at 1258.
We understand the California Supreme Court’s denial of a habeas petition with citations to Swain and Duvall in conjunction as, “in effect, the grant of a demurrer, i.e., a holding that [the petitioner] ha[s] not pled facts with sufficient particularity.” [2] Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005), reh’g granted, opinion modified on other grounds, 447 F.3d 1165 (9th Cir. 2006); accord Cross v. Sisto, 676 F.3d 1172, 1177-78 (9th Cir. 2012); see also Seeboth v. Allenby, 789 F.3d 1099, 1104 n. 3 (9th Cir. 2015) (“We have held that citation to Duvall and Swain together constitutes ‘dismissal without prejudice, with leave to amend to plead required facts with particularity.’ ” (quoting Cross, 676 F.3d at 1177)). The United States Supreme Court has attributed the same significance to a citation to Swain. See Ylst v. Nunnemaker, 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (summarizing Swain as holding “that facts relied upon in a habeas petition must be alleged with particularity”). Accordingly, and consonant with the California Supreme Court’s own explanation of its summary order practice, we hold that the California Supreme Court’s denial of Curiel’s. third habeas petition with reference to Swain and Du-vall — and not a California case dealing with untimeliness — -means that the California Supreme Court rejected Curiel’s petition as insufficiently pleaded. See Cross, 676 F.3d at 1178; Gaston, 417 F.3d at 1039. And a state petition that was timely filed but inadequately pleaded under California law is considered “properly filed” and entitles a federal petitioner to statutory tolling under § 2244(d)(2). Gaston, 417 F.3d at 1039. Thus, the dispositive question is whether to treat the California Supreme Court’s citations to Swain and Duvall as an affirmative finding that Curiel’s claims were timely, depriving the contrary rulings by the Superior Court and Court of Appeal of all force and effect.
III.
AEDPA directs federal courts to train their attention on the particular reasons why each state court that considered a prisoner’s claims denied relief. When more than one state court has adjudicated a claim, the federal court analyzes the last “reasoned” state court decision. Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing Ylst, 501 U.S. at 803-04, 111 *870 S.Ct. 2590). In doing so, “the federal court should review the last decision in isolation and not in combination with decisions by other state courts.” Id. at 1093.
When at least one state court has rendered a reasoned decision, but the last state court to reject a prisoner’s claim issues an order “whose text or accompanying opinion does not disclose the reason for the judgment,” we “look through” the mute decision and presume the higher court agreed with and adopted the reasons given by the lower court. Ylst, 501 U.S. at 802-06, 111 S.Ct. 2590. However, if more than one state court has rendered a reasoned decision on a habeas petition, the ordinary rules of appellate review apply, such that a determination by a higher-level court overrules a determination on the same issue by a lower-level court.[3] Chavis, 546 U.S. at 192-93, 126 S.Ct. 846; Saffold, 536 U.S. at 221-22, 122 S.Ct. 2134; Campbell, 614 F.3d at 1061. There is no question that the timeliness of a habeas petition is a matter subject to appellate review. Campbell, 614 F.3d at 1061. Thus, “if the highest court to render a decision determines that the claim is timely, then that claim was timely when it was before the lower court.” Id.
We have no cause to treat a state court’s summary order with citations as anything but a “reasoned” decision, provided that the state court’s references reveal the basis for its decision. Cf. Ylst, 501 U.S. at 802-03, 111 S.Ct. 2590 (defining an “unexplained” order as one from which the state court’s rationale is “undiscoverable”). The Supreme Court has never required state courts to be verbose for AEDPA purposes. See Harrington v. Richter, 562 U.S. 86, 98, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (“There is no text in the statute requiring a statement of reasons.”). The United States Supreme Court has surmised that a summary denial with citations to the relevant California precedent on untimely ha-beas petitions is sufficient to impose an untimeliness bar. See Martin, 562 U.S. at 319, 131 S.Ct. 1120 (“In reasoned opinions, too, California courts regularly invoke Clark[ ] [and] Robbins ... to determine whether a habeas petition is time barred.”); Chavis, 546 U.S. at 207, 126 S.Ct. 846 (Stevens, J., concurring) (“The decision that a petition has been untimely filed need not be explicitly stated; citation to a case in which a petition was dismissed as untimely filed certainly would suffice.”). In the same vein, in Thorsoh v. Palmer we held that the California Supreme Court had provided a “clear ruling” that it found a habeas petition untimely when the court’s order stated in its entirety, “Petition for writ of habeas corpus is DENIED,” accompanied by a citation to Robbins. 479 F.3d 643, 644-45 (9th Cir. 2007).
The California Supreme Court’s citations to Swain and Duvall offer equally adequate insight into the court’s reasoning to treat its opinion as the last reasoned decision on the timeliness of Curiel’s state habeas petitions. To the extent that a denial accompanied by citations to Swain and Duvall is the equivalent of a demurrer for pleading inadequacies, the California Supreme Court’s decision indicates that the court must have found Curiel’s petition timely, because a demurrer is irreconcilable with the lower courts’ untimeliness determinations. A dismissal without prejudice for failure to plead with specificity *871 invites a refiling of the habeas petition, while a dismissal for lack of timeliness precludes it.
Further, Curiel presented the same claims to the California Supreme Court that he had in his first two habeas petitions, along with the Superior Court’s decision denying relief on untimeliness grounds. Thus, the California Supreme Court was aware that the lower courts had already denied Curiel’s first two petitions for untimeliness. If it agreed with those courts’ conclusions, the California Supreme Court could have simply issued a postcard denial without explanation or citation, or denied Curiel’s petition by citing Robbins and Clark. See Martin, 562 U.S. at 318-19, 131 S.Ct. 1120. It did neither. As the United States Supreme Court has explained, so long as the state court’s timeliness ruling is clear, that is “the end of the matter.” Saffold, 536 U.S. at 226, 122 S.Ct. 2134. Under the circumstances, the California Supreme Court’s citations to Swain and Duvall (and no other cases) are a clear signal that it found Curiel’s habeas petitions timely.
The Supreme Court has admonished us in the past not to assume that a California court found a state habeas petition to be timely from the court’s silence on the question. Chavis, 546 U.S. at 193-94, 198, 126 S.Ct. 846. State courts have always been free to eschew procedural determinations and “summarily dismiss a petition on the merits, if that is the easier path.” Martin, 562 U.S. at 319, 131 S.Ct. 1120. Nevertheless, in cases in which the California Supreme Court has explained its decision — as it did here — the principles of comity and federalism underlying AEDPA’s tolling rule compel us to fairly abide by the state court’s timeliness determination. See Saffold, 536 U.S. at 222-23, 122 S.Ct. 2134 (describing the purpose underlying AED-PA’s statute of limitations). The California Supreme Court’s citations to Swain and Duvall demonstrate that the court found Curiel’s third petition timely but deficiently pleaded; in doing so, the California Supreme Court overruled the prior untimeliness rulings of the Superior Court and Court of Appeal. To hold otherwise would neglect the effort of the California Supreme Court to differentiate its reasoning from that of the lower courts.
IV.
Because the California Supreme Court’s timeliness holding prevails, Curiel’s state habeas petitions must be deemed properly filed for their entire pendency in state court for purposes of tolling AEDPA’s statute of limitations.[4] See Campbell, 614 F.3d at 1060-61; see also Trigueros v. Adams, 658 F.3d 983, 991 (9th Cir. 2011) (holding that a habeas petitioner was entitled to statutory tolling for the period from the date he filed his state habeas petition in Los Angeles County Superior Court until the date his state habeas petition was denied by the California Supreme Court, because the California Supreme Court did not find the petitioner’s state petition time barred). It is therefore easy to conclude that Curiel’s federal habeas petition was timely. AEDPA’s statute of limitations began to run on September 9, 2008. Curiel filed his first state habeas petition on May 12, 2009, and the California Supreme Court denied his last petition on February 18, 2010. Curiel is thus entitled to 283 days of statutory tolling for this period, which *872 extends the deadline for Curiel to file his federal habeas petition until June 2010. Curiel filed his federal petition in district court on March 8, 2010, well within the extended limitations period.[5]
CONCLUSION
For the foregoing reasons, we hold that the district court erred in dismissing Cu-riel’s federal habeas petition as untimely. Because Curiel timely filed his federal ha-beas petition once we account for statutory tolling, we do not reach the question of equitable tolling.
REVERSED and REMANDED.

. In its motion to dismiss Curiel’s federal habeas petition, the government agreed that “in combination with the citation to Duvall, the Ninth Circuit has interpreted citations to Swain to indicate that a petition was denied for failing to state claims with the requisite particularity.”

. California’s collateral review system differs from that of other States in that it contemplates that a prisoner will file a new "original” habeas petition in each court in which he seeks relief. Saffold, 536 U.S. at 222, 122 S.Ct. 2134. Nevertheless, it is well settled that California’s original writ system is sufficiently analogous to appellate review systems in other states, such that a higher state court may overturn a lower court’s ruling on a particular issue. Id. at 222-23, 122 S.Ct. 2134.

. The district court was correct in its interpretation of the California Supreme Court's citation to Swain and Duvall. The district court erred only by tolling the statute of limitations solely for the time during which Cu-riel’s last petition was before the California Supreme Court, rather than for the entire duration of Curiel's state collateral review proceedings. See Campbell, 614 F.3d at 1061.

. During the pendency of these en banc proceedings, the United States Supreme Court decided Kernan v. Hinojosa, - U.S. -, 136 S.Ct. 1603, 194 L.Ed.2d 701 (2016), holding that the California Supreme Court had not silently disregarded a procedural bar imposed by the Superior Court when the California Supreme Court summarily denied Hi-nojosa habeas relief, such that its decision was "on the merits” for AEDPA purposes. Id. at 1604-06. In Hinojosa, the United States Supreme Court concluded that Ylst’s "look-through” presumption did not apply to the California Supreme Court’s summary denial because the reasons supplied in the last reasoned state court decision — the Superior Court’s order denying Hinojosa’s habeas petition for improper venue — could not logically have been adopted by the California Supreme Court when it denied Hinojosa’s habeas petition without comment or citation. See id. at 1606 ("Improper venue could not possibly have been a ground for the high court’s summary denial of Hinojosa’s claim. There is only one Supreme Court of California — and thus only one venue.... ”). Although Hinojosa also concerned the interpretation of a summary decision by the California Supreme Court, neither its reasoning nor its result alters the outcome of this case.