**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCOS CERAS, | No.    15-55382 |
| Petitioner-Appellant, | D.C. No.<br>2:14-cv-09177-RGK-AN |
| v. | |
| SCOTT FRAUENHEIM, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 9, 2018
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,**
District Judge.

Marcos Ceras challenges the district court's denial of his petition for writ of

habeas corpus.  We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and

we reverse in part, affirm in part, and remand.

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

1. Ceras's federal habeas petition was timely. As the government concedes, our recent decision in *Curiel v. Miller*, 830 F.3d 864 (9th Cir. 2016) (en banc) dictates that the California Court of Appeal overruled the California Superior Court's untimeliness finding when it directed Ceras to refile his petition.[1] Because the California Court of Appeal found the petition to be timely, Ceras is entitled to toll the statute of limitations for the entire time his state habeas petitions were pending, including the interval between when the Superior Court denied his petition and when he filed in the Court of Appeal. *See* 28 U.S.C. § 2244(d)(2); *Evans v. Chavis*, 546 U.S. 189, 197 (2006) ("[A] timely appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court[.]" (emphasis omitted)). Taking such tolling into account, Ceras's federal petition was filed within one year of his judgment becoming final. *See* 28 U.S.C. § 2244(d)(1).

2. Given the California Court of Appeal's finding that Ceras may refile his ineffective assistance of counsel claim, the government concedes that such claim is not procedurally barred. We agree. However, the remainder of Ceras's claims are procedurally barred because they were denied as untimely,[2] and

---

[1] The parties' requests that we take judicial notice of Ceras's petitions to the Superior Court and Court of Appeal are granted.

[2] The California Superior Court's citation to *In re Clark*, 855 P.2d 729 (Cal. 1993) demonstrates that it found all the claims untimely under state law. *See Walker v. Martin*, 562 U.S. 307, 313 (2011); *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir.

2

untimeliness is an adequate and independent state law ground for denial. *Walker v. Martin*, 562 U.S. 307, 217–21 (2011); *see also Insyxiengmay v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005) (noting that whether claims are procedurally barred is determined on "a claim-by-claim basis.").

3. Ceras's procedurally-barred claims may be revived if he can present new evidence showing that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). When conducting a *Schlup* inquiry, "[t]he habeas court must make its determination concerning the petitioner's innocence in light of all the evidence." 513 U.S. at 328 (internal quotation marks omitted). "*Schlup* makes plain that the habeas court must consider all the evidence, old and new, incriminating and exculpatory[.] . . . [T]he inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). On remand, the district court should revisit its *Schlup* ruling "[b]ased on [the] total record." *See id.* The district court may then determine whether an evidentiary hearing is necessary to

---

2011). Nothing in the California Court of Appeal's order overturns that finding for the non-ineffective assistance of counsel claims. *See Ylst v. Nennemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

assess the affiant's credibility or whether the reliability of the affidavit can be determined on its face. *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 399 (2013); *Schlup*, 513 U.S. at 331–32.

***

Ceras's ineffective assistance of counsel claim is timely and not procedurally barred, and should be considered on the merits on remand. It remains for the district court to decide whether Ceras can pass through the *Schlup* gateway to overcome the procedural bar for his remaining claims, once it has the benefit of the full record. Costs are awarded to Ceras.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

*Ceras v. Frauenheim*, No. 15-55382

Callahan, J., dissenting in part:

I join the majority's disposition in full regarding the timeliness of Marcos Ceras' habeas petition and whether Ceras' ineffective assistance of counsel claim is procedurally barred. I would, however, affirm the district court's rejection of Ceras' *Schlup* claim.

The *Schlup* "actual innocence" gateway is deliberately narrow out of respect for principles of comity, finality, and deference to state court judgments. *House v. Bell*, 547 U.S. 518, 536–37 (2006). It therefore applies only in "truly extraordinary" circumstances. *Id.* at 537 (internal quotation marks omitted). The petitioner must demonstrate his "actual innocence" by introducing "new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added).

The majority remands to the district court because the district court did not review the trial court record. But the district court *did* weigh the Morales affidavit together with the evidence presented at trial as recounted by the California Court of Appeal. I would therefore hold that the district court did not err in relying on the Court of Appeal's recitation of the evidence where neither party disputes its accuracy.