**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBERT JOE GONZALES, | No. 16-55846 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-01941-MRW |
| v. | |
| KELLY SANTORO, Acting Warden, | MEMORANDUM* and ORDER |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding

Argued and Submitted August 9, 2018
Pasadena, California

Before: TASHIMA and CHRISTEN, Circuit Judges, and RUFE,** District Judge.

Petitioner Robert Joe Gonzales appeals a district court order dismissing as

untimely his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we review de novo. *Curiel v. Miller*, 830 F.3d 864, 868 (9th Cir. 2016) (en banc). We affirm.

1.  Gonzales's request for judicial notice, Dkt. No. 19, is GRANTED. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (citing Fed. R. Evid. 201(f)).

2.  Gonzales is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because the California Court of Appeal deemed his petition untimely under state law by citing *In re Clark*, 5 Cal. 4th 750, 765 (1993), as an alternative to its ruling on the merits. *See Curiel*, 830 F.3d at 868–69. Although, as Gonzales argues, the pincited page of *Clark* describes three procedural rules including the timeliness rule, *Clark* is understood primarily to represent California's timeliness rule. *See id.*; *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). To the extent *Clark* signifies a different California rule, that rule is the one against second or successive petitions, *see Curiel*, 830 F.3d at 877 n.3 (Bybee, J., concurring), which Gonzales concedes is not relevant here. The citation to *Clark* establishes that the California Court of Appeal deemed Gonzales's petition untimely, and this court must defer to that determination.

3.  Gonzales is not entitled to equitable tolling. The self-styled tolling notice that Gonzales filed in a different case—the dismissal of which Gonzales did

2

not appeal—was not a protective petition under *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), and the district court in that case was not obligated to treat it as one. Consequently, Gonzales's reliance on *Jefferson v. Budge*, 419 F.3d 1013 (9th Cir. 2005), and *Smith v. Ratelle*, 323 F.3d 813 (9th Cir.2003), to obtain equitable tolling in this case is unavailing.

4.    Gonzales does not identify a date from which the statute of limitations should be calculated if analyzed under 28 U.S.C. § 2244(d)(1)(D). We decline Gonzales's invitation to remand for further factual development. Assuming the date on which Gonzales received his trial transcripts qualifies for treatment under § 2244(d)(1)(D), the question of when he obtained those transcripts is not "highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam). Gonzales was capable of submitting dispositive evidence of the date in the form of a declaration, but he did not. Under the circumstances, we conclude that a remand is unwarranted.

**AFFIRMED.**

3