NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSANNE STATE, | No.    19-55680 |
| Petitioner-Appellant, | |
| v. | D.C. No. 3:18-cv-01385-BTM-BGS |
| ADOLPHO GONZALES, Chief Probation Officer, County of San Diego, California, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted March 31, 2020[**]
Pasadena, California

Before:  BEA and BADE, Circuit Judges, and McCALLA,[***] District Judge.

Rosanne State appeals the dismissal of her petition for writ of habeas corpus.

The district court entered a certificate of appealability pursuant to 28 U.S.C.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]        The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

§ 2253(c). We have jurisdiction under 28 U.S.C. § 1291, review de novo, *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (en banc), and affirm.

1.      The district court correctly dismissed State's habeas petition as time barred because it was not filed within the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). The limitations period started on September 8, 2015, when the deadline for filing a direct appeal expired. *See id.* § 2244(d)(1)(A). State filed her federal habeas petition 1,018 days later, on June 22, 2018. Because State filed her petition 652 days after the one-year limitation period expired, it is untimely unless statutory or equitable tolling applies. Even if we assume that the limitations period was statutorily tolled under 28 U.S.C. § 2244(d)(2) for both the 125 days that State's first California habeas petition was pending and the 440 days that her second California habeas petition was pending, State's habeas petition was still untimely by 87 days unless she qualified for equitable tolling.

2.      A statute of limitations may be equitably tolled if a petitioner meets two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To meet the first element the petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as

2

well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc). The second element is met "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Id.* at 600. Such a circumstance must be "both extraordinary and beyond [the petitioner's] control," *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (emphasis omitted). State meets neither element for equitable tolling.

After the California Supreme Court denied State's habeas petition in November 2017, State waited nearly seven months before she filed her federal habeas petition. Beyond baldly asserting that she was diligent, did not "let time pass before challenging her conviction," and "took every measure possible after being betrayed by trial counsel," State has not shown how she was diligent in preparing her federal habeas petition between November 2017 and June 2018. The specific actions she points to as establishing diligence, hiring post-conviction counsel in 2015 and preparing a complex California habeas petition in 2016, do not show that she remained diligent "up to the time of filing [her] claim in federal court" in June 2018. *Smith*, 953 F.3d at 599.

Additionally, State has not alleged any circumstance that qualifies as an "extraordinary circumstance" to satisfy the second required element of equitable tolling. State alleged an "extraordinary circumstance" existed immediately after

3

her trial because her trial counsel took advantage of her medical condition and hospitalization and failed to file a timely notice of appeal. State's counsel did not abandon her on appeal. After State was convicted, State's attorney provided her written notice of her conviction. This same letter informed State that her attorney's representation was complete, advised State of her right to appeal, and told her that an appeal must be filed in a "short timeline[]." The attorney's failure to fully describe the "short timeline" for taking an appeal as 30 days under California Rule of Court 8.853(a) was not "egregious professional misconduct" that may be an extraordinary circumstance warranting equitable tolling. *See Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). As to State's second alleged extraordinary circumstance, State has not shown that her various chronic illnesses prevented her from "cooperat[ing] with or monitor[ing]" her counsel's performance in preparing a habeas petition, and therefore were not a qualifying extraordinary circumstance. *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010).

**3.** The district court also correctly found that the claim presented in State's habeas petition was procedurally defaulted because she failed to raise that ineffective assistance of counsel claim in the California habeas proceedings without "substantial delay" or "good cause for the delay" as required by California law. *See In re Reno*, 55 Cal. 4th 428, 460 (2012). The California Court of Appeal, in the last reasoned decision in the California habeas proceedings, denied State's

petition as untimely under California law. The Court of Appeal's determination that the petition was untimely superseded the Superior Court's contrary determination. *See Curiel v. Miller*, 830 F.3d 864, 870–71 (9th Cir. 2016) (en banc). The Court of Appeal's denial of the petition as untimely was an independent and adequate state-law ground for denial that procedurally barred the district court from hearing the claim in federal habeas proceedings. *See Walker v. Martin*, 562 U.S. 307, 315 (2011).

No due process issues arose from the Court of Appeal dismissing the ineffective assistance of counsel claim as untimely without specifically ordering briefing on the issue. California caselaw is clear that in non-capital habeas proceedings "the *petitioner* has the burden of establishing (i) absence of substantial delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of untimeliness," and she "must allege, *with specificity,* facts showing when information offered in support of the claim was obtained, and that the information neither was known, nor reasonably should have been known, at any earlier time." *In re Robbins*, 18 Cal. 4th 770, 780 (1998). California law put State on notice that it was her obligation to raise the timeliness issue in her habeas petition and not wait for the court to order supplemental briefing on that issue. State failed to do so and cannot complain of a due process violation when she did not meet the pleading requirements for the California habeas petition. Moreover,

even after the Court of Appeal denied her petition as untimely, State again failed to raise any argument that she submitted her claim without "substantial delay" when she filed her subsequent habeas petition in the California Supreme Court.

**AFFIRMED**.