**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN LIU,

                  Petitioner-Appellant,

  v.

MARCUS POLLARD, Warden,

                Respondent-Appellee.

No.   20-56338

D.C. No.
2:17-cv-07465-SB-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted July 19, 2023[**]
Pasadena, California

Before: NGUYEN and FORREST, Circuit Judges, and BENNETT,[***] District
Judge.
Partial Concurrence by Judge NGUYEN.

      Petitioner-Appellant Kevin Liu appeals the district court's denial of his 28

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]   The Honorable Richard D. Bennett, United States Senior District Judge
for the District of Maryland, sitting by designation.

U.S.C. § 2254 petition challenging his California state convictions for attempted murder and related crimes. In support of his petition, Liu argued that he was denied his right to counsel of choice when the state trial court denied his request for a continuance at his preliminary hearing. The district court concluded that this claim was procedurally defaulted under California's *Dixon* bar. On appeal, Liu contends that the district court's finding was improper because there was no procedural default, and, in any event, any default is excused. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

**I**.

This Court reviews *de novo* the denial of a 28 U.S.C. § 2254 petition, *Williams v. Warden*, 422 F.3d 1006, 1008 (9th Cir. 2005), as well as findings of procedural default and exhaustion. *Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir. 2005). "Federal habeas courts generally refuse to hear claims 'defaulted . . . in state court pursuant to an independent and adequate state procedural rule.'" *Johnson v. Lee*, 578 U.S. 605, 606 (2016) (per curiam) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Like all states, California requires criminal defendants to raise available claims on direct appeal. *Id*. Under California law, courts will not entertain habeas corpus claims "where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." *In re Dixon*, 264 P.2d 513, 514 (Cal. 1953). This is known as the *Dixon* bar, which the Supreme Court has held was both

firmly established and regularly followed such that it can serve as an adequate ground for denying a federal habeas petition. *See Johnson*, 578 U.S. at 608–12.

Liu's main argument[1] is that the *Dixon* bar is inapposite, as his continuance claim was based on facts outside the appellate record that could not have been raised on direct review. But federal habeas relief generally "does not lie for errors of state law," *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011), and "it is unusual to reject a state court's use of a procedural bar on the ground that it was erroneously applied." *Sivak v. Hardison*, 658 F.3d 898, 907 (9th Cir. 2011). In any event, the record supports the state court's application of the *Dixon* bar.

Liu contends that, in any event, he is excused from his procedural default. To overcome a state procedural bar such as *Dixon*, a prisoner must demonstrate cause for his state court default of any federal claim, as well as prejudice resulting

---

[1] In his Reply Brief, Liu argues that "the *Dixon* bar [was] not adequate to bar federal review because the state court's application of *Dixon* in this case was novel, unforeseeable, and inconsistent with long-standing California precedent," citing *Cruz v. Arizona*, 143 S. Ct. 650 (2023). However, *Cruz* concerned whether a state prisoner could be barred from challenging an Arizona state court's decision denying his right to inform the jury about relevant sentencing information, where the state court applied a novel rule to bar his ability to present the issue on post-conviction review. *Id.* at 655–57. The Supreme Court held that the state court's basis for precluding the claim was such a novel and unforeseeable interpretation of state law that it was not an "adequate state procedural ground" to bar federal review. *Id.* at 660–62. Comparatively, nothing suggests that the California Supreme Court's application of the *Dixon* bar in this case relied on a novel or unforeseeable interpretation of state law. *See Ford v. Georgia*, 498 U.S. 411, 423–24 (1991) (holding that a state procedural bar is adequate if it is "firmly established and regularly followed" at the time it is applied).

therefrom, before the federal habeas court will consider the merits of that claim. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). The one exception to this rule—which is not at issue here—is where the habeas petitioner can demonstrate a sufficient probability that failure to review his federal claim will result in a fundamental miscarriage of justice. *Id*.

Liu argues that he received ineffective assistance of appellate counsel, which constitutes cause to excuse the procedural default. However, Liu did not exhaust this ineffective assistance of counsel claim. *Id.* at 452 ("A claim of ineffective assistance . . . generally must 'be presented to the state court as an independent claim before it may be used to establish cause for a procedural default.'" (citation and alteration omitted)). Rather, he abandoned his ineffective assistance of appellate counsel claim when he voluntarily dismissed it in his September 19, 2018, federal filing, explicitly conceding the claim was unexhausted.

Petitioner next argues that he was not required to prove prejudice to overcome his default because the denial of a continuance to allow him to be represented by a different attorney constituted "structural error." As the district court noted, Liu had no constitutional right to a preliminary hearing; he likewise had no constitutional right to have the preliminary hearing continued. *See e.g., Peterson v. California*, 604 F.3d 1166, 1169 (9th Cir. 2010); *Ramirez v. Arizona*, 437 F.2d 119, 119–20 (9th Cir. 1971). He specifically alleges that he was denied his Sixth Amendment right to

counsel of his choice. The California Supreme Court summarily denied both of his state petitions. Trial judges have broad discretion to balance a defendant's right to counsel of choice with the demands of their calendars, *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983), and nothing indicates that the trial court's denial of Liu's request for a continuance was arbitrary or unreasonable. *See, e.g., Armant v. Marquez*, 772 F.2d 552, 556–58 (9th Cir. 1985); *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). While a continuance would have afforded Liu's newly hired attorney time to prepare for the hearing, Liu's public defender indicated that she was prepared to represent him, and a continuance would have inconvenienced the prosecution, which had three witnesses present for the hearing. Accordingly, we conclude Liu's claim was procedurally defaulted.

## II.

Alternatively, assuming Liu's Sixth Amendment claim is not procedurally defaulted, it fails on the merits. If a state inmate's habeas claim is "clearly not meritorious," then "appeals courts are empowered to, and in some cases should, reach the merits" of the claim "despite an asserted procedural bar." *Ayala v. Chappell*, 829 F.3d 1081, 1096 (9th Cir. 2016) (quoting *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002)).

"[T]he right to counsel of choice is 'circumscribed in several important respects.'" *Miller v. Blacketter*, 525 F.3d 890, 895 (9th Cir. 2008) (quoting *Wheat v.*

5

*United States*, 486 U.S. 153, 159 (1988)). "[A] trial court requires 'wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar.'" *Id.* (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006)). "As such, trial courts retain the discretion to 'make scheduling and other decisions that effectively exclude a defendant's first choice of counsel.'" *Id.* (quoting *Gonzalez-Lopez*, 548 U.S. at 152).

Liu asserts that the trial court "did not ask [him] if the prosecutor's representations" about his refusal to waive time "were accurate," but Liu was represented by competent counsel who confirmed that "Mr. Liu didn't want to waive time." Liu, who was present, did not contest his counsel's representations. Regardless, the trial court denied the continuance *before* being told that Liu had refused to waive time, so that information did not sway the court's decision.

The trial court had sound reasons for proceeding with the preliminary hearing—in particular, the prosecution had ensured that the victims were present and ready to testify. And the trial court allowed Liu's retained counsel, who attended the hearing, to substitute into the case immediately afterward. For these reasons, Liu's Sixth Amendment claim fails, and we affirm the district court's order denying habeas relief.

**AFFIRMED.**

NGUYEN, Circuit Judge, concurring in part and in the judgment:

I concur in the majority's resolution of the merits, but I would not decide the procedural question. The California Supreme Court's reasoning for twice denying Kevin Liu's habeas claim is opaque, and it's not clear to me that Liu's claim is procedurally defaulted.

## I.

Liu presented the California Supreme Court with two identical habeas petitions containing several claims, including the one at issue here—that the trial court denied Liu his Sixth Amendment right to counsel of choice. The California Supreme Court summarily denied both petitions. In denying the first petition, the court stated that "a petition for writ of habeas corpus must include copies of reasonably available documentary evidence," citing *People v. Duvall*, 886 P.2d 1252, 1258 (Cal. 1995).[2] Liu provided some transcript excerpts with his second petition. In denying that petition, the court stated that "a petition for writ of habeas corpus must allege sufficient facts with particularity," citing *Ex parte Swain*, 209 P.2d 793, 796 (Cal. 1949).

---

[2] In denying both habeas petitions, the California Supreme Court also stated that "courts will not entertain habeas corpus claims that were rejected on appeal," citing *In re Waltreus*, 397 P.2d 1001, 1005 (Cal. 1965). These *Waltreus* citations evidently refer to the claims of misconduct based on the prosecution's introduction of evidence that Liu's ex-wife, one of the victims, had cancer.

"[T]he California Supreme Court's denial of [a] habeas petition with reference to *Swain* and *Duvall*" means that the court "rejected [the] petition as insufficiently pleaded." *Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016) (en banc). That makes sense given Liu's allegations. Just prior to the preliminary hearing, the trial court denied Liu's request for a continuance to substitute in newly retained counsel. In his habeas petitions, Liu claimed that the prosecutor "misled the court . . . to believe that" in an earlier, apparently unreported proceeding,[3] Liu "refused to waive his right to a speedy trial . . . as a tactical man[e]uver." But Liu provided no further details.

Generally, a "denial [of habeas relief] accompanied by citations to *Swain* and *Duvall* is the equivalent of a demurrer for pleading inadequacies." *Curiel*, 830 F.3d at 870. And "[a] dismissal without prejudice for failure to plead with specificity invites a refiling of the habeas petition," *id.* at 870–71, leading to the possibility that Liu's claim is still unexhausted. But not necessarily. If Liu's claim is "incapable of being alleged with any greater particularity," "then the California Supreme Court's denial for lack of particularity amounts to a holding that the [claim itself is] defective," and we may consider it. *Kim v. Villalobos*, 799 F.2d 1317, 1319–20 (9th Cir. 1986). And even if the claim is unexhausted, we may deny it on the merits if

---

[3] The state provided numerous transcripts below, as required, *see* Rules Governing § 2254 Proceedings, R. 5(c), 28 U.S.C. foll. § 2254, but failed to include the proceeding where Liu waived his speedy trial rights.

8

having the state courts consider Liu's additional attempts at exhaustion would serve no purpose. *See* 28 U.S.C. § 2254(b)(2).

## II.

In denying Liu's second state habeas petition, the California Supreme Court also stated that "courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal," citing *Ex parte Dixon*, 264 P.2d 513, 514 (Cal. 1953). The majority, assuming that the citation to *Dixon* referenced Liu's Sixth Amendment claim, concludes that the state court denied Liu's claim pursuant to an independent and adequate state procedural rule. For several reasons, that is doubtful.

First, as discussed above, Liu's failure to allege any details regarding his claim suggests that the state court's denial was for pleading deficiencies rather than Liu's failure to raise the claim earlier. Second, if the state court thought that Liu should have raised the claim on direct appeal, why did it wait until the second denial order to say so? Instead, the court likely was responding to Liu's allegations of error during the trial, including that the prosecutor prejudicially manipulated facts and evidence. Liu did not provide evidence for his trial-related claims because he purportedly did not have access to the trial transcripts.

Third, Liu's Sixth Amendment claim revolves around an event that is not part of the record—Liu's apparent refusal to waive his speedy trial rights—and California courts do not consider such claims on direct appeal. *See In re Bower*, 700

9

P.2d 1269, 1272 (Cal. 1985) ("[W]hen reference to matters outside the record is necessary to establish that a defendant has been denied a fundamental constitutional right[,] resort to habeas corpus is not only appropriate, but required."). To the extent the state court concluded that Liu was required to raise his claim on appeal, "an unforeseeable and unsupported state-court decision on a question of state procedure does not constitute an adequate ground to preclude [federal habeas] review of a federal question." *Cruz v. Arizona*, 143 S. Ct. 650, 658 (2023) (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)).

Because the procedural default issue is close, I would not reach it. I therefore concur in the majority disposition affirming the district court's denial of habeas relief only insofar as it concludes that Liu's Sixth Amendment claim lacks merit.