**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHANIE ILENE LAZARUS,

               Petitioner-Appellant,

  v.

JENNIFER CORE,

               Respondent-Appellee.

No. 21-55483

D.C. No.
5:18-cv-00718-VBF-MAA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted August 16, 2023
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Stephanie Lazarus ("Lazarus"), a former Los Angeles Police Department

("LAPD") officer, appeals the district court's denial of her writ of habeas corpus

under 28 U.S.C. § 2254. In 2009, Lazarus was charged with the 1986 murder of

Sherri Rasmussen ("Rasmussen") after DNA evidence linked Lazarus to a bite

mark on Rasmussen's body. In 2012, Lazarus was convicted of first-degree

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

murder with a handgun enhancement and sentenced to 27 years to life in state prison. Lazarus contends that she is entitled to habeas relief because the state's 23-year pre-indictment delay violated her due process rights. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

1. The district court did not err by concluding that the California Court of Appeal's February 8, 2018 order is the "last reasoned" state court decision for purposes of federal habeas review. *See Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002) ("In determining whether a state court decision is contrary to federal law, we look to the state's last reasoned decision."); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). We have found "no cause to treat a state court's summary order with citations as anything but a 'reasoned' decision, provided that the state court's references reveal the basis for its decision." *Curiel v. Miller*, 830 F.3d 864, 870 (9th Cir. 2016).

Lazarus contends that the February 8, 2018 order was not "reasoned" because it summarily denied her petition without discussing the merits. But as the district court found, the order's citation to *People v. Duvall*, 9 Cal.4th 464, 474–75 (1995) establishes that the state Court of Appeal rejected Lazarus's petition for failure to state a prima facie case for habeas relief. *See Curiel*, 830 F.3d at 870–71 (holding the state court's one-sentence order citing to *Duvall* was a "reasoned" decision for purposes of habeas review). Because the citation to *Duvall* reveals the

2

basis for its decision, the order of the Court of Appeal is the "last reasoned" state court decision for the purpose of our review.

2. The district court did not err by determining that the California Court of Appeal reasonably applied Supreme Court precedent to deny Lazarus's petition. The Supreme Court set forth the standard for reviewing whether an intentional investigative delay violates the Due Process Clause in *United States v. Marion,* 404 U.S. 307 (1971) and *United States v. Lovasco*, 431 U.S. 783 (1977). To determine whether such a delay violates due process, the length of the delay is weighed against the reasons for the delay, and the defendant must show that the delay offends those "fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (internal citation and quotation marks omitted) (quoting *Lovasco*, 431 U.S. at 790). The defendant must also prove "actual, non-speculative prejudice from the delay." *Id.* (internal citation and quotation marks omitted); *see also Marion*, 404 U.S. at 325. The Supreme Court instructs courts to examine the constitutionality of pre-accusation delays on a case-by-case basis. *See Lovasco*, 431 U.S. at 796–97.

Lazarus argues that her due process rights were violated because the LAPD engaged in an intentional cover-up of her involvement in Rasmussen's murder to protect her and to shield the LAPD from embarrassment. Even assuming the truth

3

of Lazarus's cover-up allegations, it was not objectively unreasonable for the Court of Appeal to conclude that an intentional cover-up intended to *benefit* Lazarus would not offend our society's fundamental conceptions of justice in the same way as a cover-up intended to gain a tactical advantage over a defendant, as contemplated in *Marion* and *Lovasco*. Furthermore, because there is no federal precedent addressing this type of pre-indictment delay, the Court of Appeal's application of existing precedent to these facts was reasonable.

Nor has Lazarus demonstrated that she suffered "actual prejudice" from the delay. To establish "actual prejudice," a defendant "must demonstrate by definite and non-speculative evidence how the loss of a witness or evidence is prejudicial to the defendant's case." *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). Lazarus relies on the state trial court's finding that she may have experienced "plausible prejudice" on account of lost records, lost gun residue kits, the death of witnesses who may have identified a culpable third-party, and faded witness memories. But "plausible prejudice" is not the same as "actual prejudice," and Lazarus fails to provide an explanation beyond mere speculation for how this allegedly lost evidence would have affected her case. Because Lazarus has failed to prove "actual prejudice" as required by Supreme Court precedent, the Court of Appeal's application of that precedent was reasonable.

4

3. The district court did not abuse its discretion by denying Lazarus's request for an evidentiary hearing. An evidentiary hearing is required only "when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). Because the record is sufficient to support the California Court of Appeal's finding that Lazarus failed to state a prima facie case for relief, Lazarus was not entitled to an evidentiary hearing.

**AFFIRMED.**